UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Criminal No. 08-20289

vs.

                                          HON. GEORGE CARAM STEEH

DAVID ERIKE MacLLOYD,

        Defendant.
_____/

ORDER DENYING PETITIONER'S MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255
[DOCS. 252 AND 256] AND DENYING CERTIFICATE OF APPEALABILITY

Defendant David Erike MacLloyd filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on January 24, 2014, and an amended version of his motion on February 14, 2014. Defendant raises eighteen issues[1], including challenges to a search warrant, violations of his due process rights during trial, improper jury instructions, sentencing issues, and ineffective assistance of counsel. The government responded to petitioner's motion on July 11, 2014 and defendant filed a reply on August 18, 2014.

On February 6, 2012, defendant was sentenced to concurrent terms of imprisonment of 360 months for conspiracy and possession with intent to distribute cocaine, 48 months on each count of using a communications facility to commit the cocaine conspiracy, and 240 months for maintaining a drug-involved premises.

---

[1]There is no issue 14 raised by defendant.

-1-

Defendant appealed and on April 16, 2013 the Sixth Circuit affirmed the conviction and sentence. The Supreme Court denied certiorari on October 8, 2013.

I. Procedural Default

A claim is considered procedurally defaulted if a defendant fails to raise the issue on direct review. In such a case, the defendant may raise the claim initially in habeas review only if he or she first demonstrates either cause and actual prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). To demonstrate "cause and prejudice," the defendant must show that "some objective factor external to the defense" prevented him from raising the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), and that the alleged error "worked to his actual and substantial disadvantage," infecting his entire trial with error. *United States v. Frady*, 456 U.S. 152, 170 (1982).

>The following seven issues were not raised by defendant on direct appeal:
>
>Issue 1 - challenges to search and seizure warrant;
>
>Issue 2 - interference with due process by a government informant;
>
>Issue 7 - due process violation when government showed photos of co-defendant at trial;
>
>Issue 8 - due process violation by government's closing argument;
>
>Issue 9 - due process violation by government's charged drug quantity;
>
>Issue 12 - due process violation by government's display of physical evidence during trial; and
>
>Issue 17 - improper jury instruction.

The cause given by defendant for not raising these issues on direct appeal is that his

attorney was constrained by the "word limit on my appeal brief." Page limitations imposed on appellate briefs do not amount to cause to excuse procedural default. See *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000). The Supreme Court has explained that "cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Attorney error short of ineffective assistance of counsel does not constitute cause for procedural default. *Id.*

Defendant argues that his appellate counsel was ineffective for failing to raise these issues on appeal. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. See *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 436 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

Defendant has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by omitting the claims that he raised for the first time in his § 2255 motion. Defendant does not support a claim of cause and prejudice, neither does he argue actual innocence. Defendant is

procedurally defaulted from pursuing issues 1, 2, 7, 8, 9, 12 and 17.

II. Sentencing Issues

Defendant raises sentencing claims in issue 4 - improper sentence, issue 5 - improper application of sentencing guidelines, and issue 6 - improper calculation of sentencing guidelines. A § 2255 motion may not be used to relitigate an issue that was raised and considered on direct appeal absent "highly exceptional circumstances, such as an intervening change in the law." *DuPont v. United States*, 76 F.3d 108, 110-111 (6th Cir. 1996) (quoting *Giraldo v. United States*, 54 F.3d 776 (6th Cir. 1995) (unpublished opinion)).

Defendant does not dispute that issue 4 is a relitigation of an issue raised and considered on appeal. Defendant does dispute that issues 5 and 6 are issues that were previously litigated.

Issue 5 asserts that the district court adopted the findings and guideline range as it appeared in defendant's PSR without making any particularized findings as to defendant's drug quantity or leadership role. Defendant contends that the PSR was incomplete at the time he was sentenced because it failed to list the guideline ranges and sentences of two co-defendants, Green and Ochoa. This was allegedly prejudicial because a revised PSR may have brought objections from defendant's attorney. On appeal, defendant argued that the leadership role enhancement was unjustified because he was an equal partner in the conspiracy and did not recruit any other participants or get the largest share of the profits. The Court of Appeals addressed the argument, finding that the evidence supported the four-level enhancement for leadership role. The court finds that issue 5 was previously litigated before the Court of

Appeals.

In issue 6, defendant alleges that his co-defendants pled guilty to the conspiracy and testified at defendant's trial. Basically, the co-defendants proffered and/or testified to over 150 kilos of cocaine involved in the conspiracy, but were sentenced based on a post-trial stipulation of well less than that amount of cocaine. In the case of Green, he testified to over 150 kilos, but he was sentenced based on his plea involving 5-15 kilos. On appeal, defendant argued an unwarranted disparity in his sentence compared to his co-defendants. In his § 2255 motion defendant focuses on the co-defendants' drug quantity stipulations, upon which they were sentenced, which contradicted their trial testimony, upon which defendant was sentenced.

The Court of Appeals found that the district court was reasonable in attributing 800 kilograms of cocaine to defendant for sentencing purposes based on the testimony presented at trial. In addressing the significantly lower sentences issued to the co-defendants, based on the quantity of drugs in the plea agreements, the Court concluded that the lower sentences were reasonable in light of the cooperation provided and the differences in the guidelines ranges.

Defendant attempts to frame his Issue 6 as being distinct from the sentencing issues raised on appeal, but it is not fundamentally different. The co-defendants' testimony regarding the quantity of drugs involved in the conspiracy was accepted by the district court for purposes of calculating defendant's sentence. The fact that co-defendants were sentenced more leniently based on plea agreements and their

cooperation does not provide a basis for challenging defendant's sentence based on their trial testimony.

Defendant's three sentencing issues were already litigated on appeal and cannot be relitigated in a § 2255 motion.

III. Ineffective Assistance of Counsel

Defendant raises 8 ineffective assistance of counsel claims in Issues 3, 10, 11, 13, 15, 16, 18, and 19. Ineffective assistance of counsel may be raised for the first time in a § 2255 proceeding. Ineffective assistance of counsel claims are subject to the "performance and prejudice" test announced in Strickland v. Washington, 466 U.S. 668 (1984). Defendant must demonstrate that counsel's performance was so deficient that counsel was not functioning to the level guaranteed by the Sixth Amendment. Second, defendant must show that the deficient performance prejudiced the defense. Id. at 687. The Sixth Circuit and other courts reject ineffective assistance claims that rest upon conclusory, unsupported allegations of counsel's deficient performance. See, *Black v. United States*, 2014 WL 2894285, *3 (2014) (collecting cases).

In Issue 3, defendant complains that four of the five attorneys who represented him throughout the proceedings against him were generally ineffective with regard to providing him information so he could make a decision about accepting a plea deal. In Issue 10, defendant simply asserts that his counsel at sentencing was ineffective "for conceding to the drug quantity that was in [his] PSR." Issue 11 is based on a failure of counsel to challenge the search warrants for various reasons. Issue 13 is based on failing to subpoena the mileage from the drug courier's truck. Issue 15 alleges ineffective cross-examination of a witness. Issue 16 asserts failure to request a special

verdict form. Issue 18 alleges failure to properly communicate plea deals. Issue 19 asserts improperly joining in co-defendant's motion to suppress. Unsupported assertions are insufficient to support § 2255 pleadings. Defendant fails to identify exactly which acts or omissions were outside the wide range of professionally competent assistance with regard to each of the issues asserted. In addition, issues of trial strategy are presumed correct and are generally not second-guessed upon habeas review. In this case, the Sixth Circuit's opinion makes clear that the evidence presented by the government at trial was sufficient to support each of defendant's convictions. Not only has defendant failed to make out the required showing of deficient performance, he has likewise failed to show the prejudice required for a finding of ineffective assistance of counsel.

For the reasons set forth above, defendant's petition for relief under § 2255 is hereby DENIED, and his petition is hereby DISMISSED. Before defendant may appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Defendant has made no such showing. Accordingly, a certificate of appealability is also hereby DENIED. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion pursuant to 28 U.S.C. § 2255 is DENIED.

Dated: November 20, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 20, 2014, by electronic and/or ordinary mail and also on David Erike MacLloyd, #20156-039, Federal Correctional Institution McKean, P. O. Box 8000, Bradford, PA 16701

s/Barbara Radke
Deputy Clerk