UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DAVID ERIKE MACLLOYD,

    Defendant.
_____/

Case No. 08-20289

Hon. George Caram Steeh

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE, TRANSFERRING SUCCESSIVE § 2255 PETITION TO SIXTH CIRCUIT AND DENYING MOTION TO APPOINT COUNSEL (ECF Nos. 314, 315)

Defendant David MacLloyd seeks compassionate release from prison, primarily due to the risk of contracting COVID-19. For the reasons explained below, MacLloyd's motion is denied.

BACKGROUND FACTS

MacLloyd was convicted of several drug-related offenses, including conspiracy to distribute more than five kilograms of cocaine. He played a lead role in an organization that purchased drugs in Arizona for distribution in Detroit. The court sentenced him on February 6, 2012, to a total of 360 months of imprisonment. MacLloyd is housed at Federal Correctional Institution MacKean in Pennsylvania and is currently expected to be released on April 1, 2035.

-1-

On May 28, 2020, MacLloyd submitted a request for compassionate release to the warden of his facility, on the basis that COVID-19 would "activate my mycobacterium tuberculosis." ECF No. 319-1. His request was denied on June 19, 2020, because his medical condition did not meet the Bureau of Prison's medical criteria for compassionate release. *Id.*

MacLloyd contends that since the beginning of the pandemic, he has become hypertensive and obese, which place him at risk for severe COVID-19 complications. He notes that the virus disproportionately affects African Americans like himself. He also argues that he was treated more harshly than his white co-defendants at sentencing.[1]

## LAW AND ANALYSIS

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Although compassionate release motions were historically initiated only by the Bureau of Prisons, the First Step Act allows prisoners to file such motions on their own behalf, after exhausting their administrative remedies.

---

[1] The court also received a letter from MacLloyd, which does not address compassionate release, but provides insight into his conduct and demonstrates his capacity for reflection. The court encourages MacLloyd to continue to productively engage himself in education and other rehabilitative activities.

-2-

*United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020) (holding exhaustion to be mandatory).

The government argues that MacLloyd did not properly exhaust his administrative remedies because he raises different health concerns here than he did in his request to the warden. This court has held that "[w]here the factual basis in the administrative request and the motion before the court are different, a defendant does not satisfy the exhaustion requirement because he does not give the BOP an opportunity to act on the request before Defendant brings his request to the courts." *United States v. Asmar*, 465 F. Supp.3d 716, 719 (E.D. Mich. 2020). In *Asmar*, the defendant failed to mention any health conditions in his administrative request, but only referenced "the coronavirus pandemic." In contrast, MacLloyd did raise an underlying health condition and susceptibility to COVID-19 in his administrative request. The court finds that MacLloyd provided sufficient information in his administrative request to allow the BOP an opportunity to consider and act upon it. *Cf. United States v. Morelan*, 2021 WL 365095, at *2 (D. Kan. Feb. 3, 2021) (distinguishing between administrative requests that mention underlying health conditions as a basis for compassionate release and those that do not).

The court next reviews the merits of MacLloyd's motion. In doing so, the court considers (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)). If any of the three prerequisites is lacking, the court may deny the motion and need not address the other factors. *Id.* at 519.

MacLloyd states that he suffers from hypertension and obesity, which place him at a higher risk for severe illness from COVID-19. According to the Centers for Disease Control and Prevention, obesity increases one's risk of severe illness, and hypertension may increase the risk of severe illness.[2] MacLloyd's medical records, however, do not support his claims. ECF No. 320 (filed under seal). Further, MacLloyd tested positive for COVID-19 on January 21, 2021, and was asymptomatic. *Id.* According to

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

the CDC, cases of COVID-19 reinfection have been reported "but remain rare."[3] This outlook is encouraging for MacLloyd's health, but not for his ability to demonstrate an extraordinary and compelling reason for compassionate release. *See, e.g., United States v. Stephens*, 2020 WL 5769125, at *6 (E.D. Mich. Sept. 28, 2020) ("[M]any courts have held that where a defendant has contracted COVID-19 and recovered, his health condition is not extraordinary and compelling."); *United States v. West*, 2020 WL 5520929, at *2 (E.D. Tenn. Sept. 14, 2020) (positive COVID-19 test rendered prisoner's motion "moot"); *United States v. Risley*, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020) ("Courts generally find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release."). MacLloyd has not established an extraordinary and compelling reason based upon his underlying medical conditions or his current state of health.

MacLloyd also asserts that he was treated more harshly than his white co-defendants in charging and sentencing, in violation of his equal protection rights. This does not constitute an extraordinary and compelling basis for compassionate release, but is the type of argument that is

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html.

properly considered on direct appeal or in the context of a motion under 28 U.S.C. § 2255, which applies to claims that a sentence "was imposed in violation of the Constitution or laws of the United States." *Id.* The court lacks jurisdiction to consider constitutional challenges to a sentence under § 3582(c), as MacLloyd attempts here. *See United States v. Martin*, 367 Fed. Appx. 584, 585 (6th Cir. 2010) ("[Section] 3582(c)(2)'s narrow ambit excludes constitutional challenges."); *United States v. Arojojoye*, 806 Fed. Appx. 475, 478 (7th Cir. 2020) (district court lacked jurisdiction to review motion for compassionate release that was properly construed as an unauthorized, successive § 2255 motion); *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007) ("[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion.").

MacLloyd has already filed a § 2255 motion and has unsuccessfully sought permission to file another. ECF Nos. 252, 299, 312. To the extent MacLloyd seeks to challenge his sentence as unconstitutional, he must obtain authorization from the court of appeals to file a second motion to vacate. *See* 28 U.S.C. § 2255(h). When a successive habeas petition is initially filed in the district court, the court must transfer the motion to the

court of appeals for authorization. *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997); *Carter*, 500 F.3d at 490. The court will deny MacLloyd's motion to the extent it properly seeks relief pursuant to § 3582(c), but will construe his constitutional challenge to his sentence as a successive § 2255 motion and transfer it to the court of appeals.

Because MacLloyd has not articulated a colorable claim for compassionate release, the court will deny his request for the appointment of counsel. The appointment of counsel for postconviction proceedings is a matter of the court's discretion, not a constitutional right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (court may appoint counsel for habeas petitioner "only where the interests of justice or due process so require"); *United States v. Prater*, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020) ("There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582."). When a petitioner has not articulated a colorable claim, the appointment of counsel would not serve the interests of justice. *Lemeshko*, 325 F. Supp.2d at 788.

## ORDER

IT IS HEREBY ORDERED that MacLloyd's motion for compassionate release (ECF No. 315) is DENIED IN PART and otherwise

TRANSFERRED to the Sixth Circuit Court of Appeals, consistent with this opinion and order.

IT IS FURTHER ORDERED that MacLloyd's request for the appointment of counsel (ECF No. 314) is DENIED.

Dated: April 15, 2021

                s/George Caram Steeh
                GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 15, 2021, by electronic and/or ordinary mail and also on David Erike MacLloyd # 20156-039, FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA  16701.

s/Leanne Hosking
Deputy Clerk