UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID ERIKE MACLLOYD,

Defendant.
_______________________________/

Case No. 08-20289

Hon. George Caram Steeh

ORDER DENYING SECOND MOTION
FOR COMPASSIONATE RELEASE (ECF NO. 330)

Defendant David MacLloyd has filed a renewed motion for compassionate release, primarily based on the COVID-19 pandemic. Because he has failed to either exhaust his administrative remedies or demonstrate extraordinary and compelling reasons for a sentence reduction, Defendant's motion is denied.

MacLloyd was convicted of several drug-related offenses and sentenced to 360 months of imprisonment in 2012. He is housed at McKean FCI and his expected release date is April 1, 2035.

MacLloyd previously filed a motion for compassionate release, which the court denied on April 15, 2021. ECF No. 322. *See generally United*

*States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (the court may grant compassionate release if supported by "extraordinary and compelling" reasons and the sentencing factors under 18 U.S.C. § 3553). The court determined that MacLloyd's health conditions, including obesity and hypertension, did not constitute extraordinary and compelling reasons for his release, particularly in light of the fact that MacLloyd had already contracted COVID-19 and was asymptomatic. MacLloyd, who is African American, also argued that he was sentenced more harshly than his white co-defendants, in violation of his right to equal protection. The court concluded that this type of constitutional claim was not cognizable in a compassionate release motion, but was essentially a second or successive motion to vacate, which the court transferred to the Sixth Circuit. *See* 28 U.S.C. § 2255(h).

On September 20, 2021, the Sixth Circuit affirmed the court's denial of MacLloyd's motion for compassionate release and denied leave to file a second or successive motion to vacate under § 2255. *See* ECF No. 328. Shortly thereafter, MacLloyd filed his renewed motion, raising the same arguments that the court and the Sixth Circuit rejected.

The court sees no basis to revisit these arguments; MacLloyd's renewed motion is essentially an untimely motion for reconsideration,

raising issues that were or should have been raised in the first instance. *See* L.R. 7.1(h)(3) ("Generally . . . the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication.").

To the extent MacLloyd asserts that changed conditions or new health issues warrant review, he is required to first exhaust his administrative remedies. *See United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020) (holding exhaustion to be mandatory); *United States v. Goodwin*, No. 17-20018, 2020 WL 7316110, at *2 (E.D. Mich. Dec. 10, 2020) (prisoner filing renewed motion for compassionate release based upon new information must exhaust administrative remedies); *United States v. Lee*, No. 18-20503, 2021 WL 5074428, at *2 (E.D. Mich. Nov. 2, 2021) ("[T]he fact that Lee's warden previously denied a similar request for compassionate release did not excuse him from complying with the exhaustion requirement once again before filing the instant motion for compassionate release."). Although MacLloyd exhausted his administrative remedies before filing his first motion, he has not demonstrated that he exhausted a second time before filing his renewed motion.

Moreover, as the court found previously, MacLloyd has not established extraordinary and compelling basis for relief. ECF No. 322. He

states that he has latent tuberculosis (LTB1), which he did not raise in his initial motion because of privacy concerns. He contends that his latent tuberculosis, hypertension, and obesity place him at greater risk for severe complications should he contract COVID-19. His risk is significantly mitigated however, by the fact that he has already contracted COVID-19 and recovered and that he has been fully vaccinated against the virus. ECF No. 336. In addition, over 83 percent of the inmates at FCI McKean have been vaccinated, further reducing the risk. *See United States v. Bass*, 17 F.4th 629, 641 (6th Cir. 2021) (citing statistic as of November 1, 2021).

These circumstances preclude a finding of extraordinary and compelling reasons based upon a combination of health conditions and the pandemic. Indeed, the Sixth Circuit recently held that “a defendant’s incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an ‘extraordinary and compelling reason’ warranting a sentence reduction.” *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (no extraordinary and compelling circumstances based upon serious health conditions when inmate received COVID-19 vaccine).

Accordingly, for these reasons and the reasons set forth in the court's previous order (ECF No. 322), IT IS HEREBY ORDERED that Defendant's renewed motion for compassionate release (ECF No. 330) is DENIED.

Dated: December 9, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 9, 2021, by electronic and/or ordinary mail and also on David Erike MacLloyd #20156-039, McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701.

s/B Sauve
Deputy Clerk