UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DAVID ERIKE MACLLOYD,

    Defendant.
_____/

Case No. 08-20289

Hon. George Caram Steeh

ORDER DENYING RENEWED MOTION
FOR COMPASSIONATE RELEASE (ECF NO. 351)

David Erike MacLloyd was convicted of several drug-related offenses and sentenced to 360 months of imprisonment in 2012. On October 13, 2022, he filed a fourth motion for compassionate release. The court denied Defendant's previous motions, and those decisions were affirmed by the Sixth Circuit. *See* ECF Nos. 322, 340, 344. Defendant's most recent motion alleges that a sentence reduction is warranted based upon his health conditions, the COVID-19 pandemic, unduly harsh prison conditions, and his desire to care for his ailing mother.[1]

---

[1] Given the repetitive nature of Defendant's motion practice, the court has not solicited a response from the U.S. Attorney's office.

- 1 -

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Before filing a compassionate release motion, a prisoner must exhaust his administrative remedies. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). It appears that MacLloyd has exhausted his administrative remedies, allowing the court to consider the merits of his motion.

When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The "extraordinary and compelling" requirement is a substantial hurdle. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert.*

- 2 -

*denied*, 142 S. Ct. 2771 (2022) (noting that "'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent'" and "'[c]ompelling' meant 'forcing, impelling, driving'").

MacLloyd suffers from several health conditions, including high blood pressure, diabetes, latent tuberculosis, obesity, and an enlarged prostate. These health conditions, in themselves, do not constitute an extraordinary and compelling basis for relief, as Defendant does not have a terminal illness or serious impairment that cannot be managed in the prison environment. *See generally* U.S.S.G. § 1B1.13 (policy statement); *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 780 (2022) (district court may be guided by § 1B1.13, although the policy statement is not binding).

Moreover, as the court previously ruled, MacLloyd's risk of contracting COVID-19 in prison is not an extraordinary and compelling reason for release. *See* ECF No. 322, 340. The Sixth Circuit has made clear that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (no

extraordinary and compelling circumstances based upon serious health conditions when inmate received COVID-19 vaccine).

MacLloyd also alleges that as a result of the pandemic and staffing shortages, his facility is frequently in lockdown and conditions are harsher than contemplated when he was sentenced. However, such circumstances affect all prisoners and therefore cannot be considered "extraordinary." To hold otherwise would make all federal prisoners eligible for compassionate release, which is contrary to the statutory directive to limit such relief to extraordinary and compelling circumstances. *United States v. Daniels*, 2022 WL 164543, at *6 (M.D. Tenn. Jan. 18, 2022); *United States v. Reese*, 2022 WL 737501, at *2 (E.D. Mich. Mar. 10, 2022) (generally applicable living conditions such as lockdowns and delayed mail do not constitute extraordinary and compelling reasons) (Steeh, J.).

MacLloyd also desires to care for his ailing mother. Although certain family situations may constitute extraordinary and compelling circumstances, this exception is generally limited to situations in which the defendant is the only available caregiver for minor children or an incapacitated spouse. *See* U.S.S.G. § 1B1.13; *United States v. Gibson*, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021) ("[D]istrict courts continue to 'routinely den[y] motions for compassionate release when the

- 4 -

defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child.'") (collecting cases); *United States v. Swarn*, 2021 WL 4077344, at *2 (E.D. Mich. Sept. 8, 2021) ("Courts in the Eastern District of Michigan routinely deny compassionate release motions when the extraordinary and compelling reason put forth by a defendant is the need to care for an elderly parent."); *United States v. Brewer*, 2022 WL 1125797, at *2 (E.D. Mich. Apr. 15, 2022) ("In general, having a sick or aging parent is not an extraordinary circumstance to release a prisoner."). The court appreciates MacLloyd's desire to care for his mother; however, such circumstances are not an extraordinary and compelling basis for relief.

MacLloyd also emphasizes his efforts at rehabilitation. Although the court commends those efforts, it may not rely upon rehabilitation alone in granting compassionate release. *Hunter*, 12 F.4th at 572; 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

MacLloyd has filed a motion to seal his motion for compassionate release because it contains "sensitive medical information." ECF No. 350. Although his motion references his medical conditions and those of his

- 5 -

mother, he does not attach medical records or provide the kind of detailed health information that is typically and appropriately sealed. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("Only the most compelling reasons can justify non-disclosure of judicial records."); *United States v. Kischnick*, 2020 WL 3172634, at *2 (E.D. Mich. June 15, 2020) (declining to seal motion that included medical diagnoses but no medical records).

For these reasons, IT IS HEREBY ORDERED that Defendant's motions to seal and for compassionate release (ECF Nos. 350, 351) are DENIED.

Dated: January 10, 2023

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 10, 2023, by electronic and/or ordinary mail and also on David Erike MacLloyd #20156039, McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701.

s/Brianna Sauve
Deputy Clerk