UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DAVID ERIKE MACLLOYD,

    Defendant.
_____/

Case No. 08-20289

Hon. George Caram Steeh

ORDER DENYING MOTION PURSUANT TO
28 U.S.C. § 2241 AND RULE 60(B) (ECF NO. 367)

Defendant David Erike MacLloyd seeks relief from his criminal judgment and resentencing pursuant to Federal Rule of Civil Procedure 60(b)(4) and 28 U.S.C. § 2241. MacLloyd was convicted of several drug-related offenses, including conspiracy to distribute more than five kilograms of cocaine. The court sentenced him on February 6, 2012, to a total of 360 months of imprisonment and a "mandatory civil penalty in the amount of $1,896,316.00" which was "ordered pursuant to 21 USC 856(d)(1)(b)." ECF No. 237. Defendant filed several post-judgment motions, seeking compassionate release or relief pursuant 28 U.S.C. § 2255, which the court denied.

Defendant attempts a different approach, seeking relief on two grounds. First, he asserts that he was unaware of the civil penalty at the time of his sentencing and that the penalty was imposed in violation of his due process rights. Second, Defendant claims that the Bureau of Prisons improperly raised his criminal history category, which resulted a higher custody classification and harsher sentence.

As a procedural matter, Defendant is not entitled to relief under Rule 60(b) or § 2241. Rule 60(b) is not applicable to criminal proceedings. *United States v. Gibson*, 424 Fed. Appx. 461, 464 (6th Cir. 2011); *United States v. Falkowski*, 2021 WL 3671159, at *2 (6th Cir. June 4, 2021) ("Rule 60(b) cannot be used to provide relief from judgment in criminal proceedings."). And § 2241 does not provide an avenue for him to challenge the legality of his sentence. Rather, § 2255 "serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court. By contrast, section 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021); *see also Velasco v. Lammana*, 16 Fed. Appx. 311, 314 (6th Cir. 2001).

Neither of Defendant's claims are cognizable under § 2241. His challenge to the imposition of the civil penalty attacks the legality of his sentence, an issue that would typically be raised upon direct appeal or under § 2255. Indeed, Defendant sought permission from the Sixth Circuit to file a second or successive § 2255 motion raising this issue, which was denied. ECF No. 365. The Sixth Circuit has made clear that "if a prisoner can file a section 2255 motion in the sentencing court but fails to do so or is unsuccessful in his motion, then a court shall not entertain his application for a writ of habeas corpus under section 2241." *Taylor*, 990 F.3d at 495-96 (cleaned up). The limited exception to this rule is when a § 2255 motion is "inadequate or ineffective" to challenge his sentence. *Id.* Defendant has not argued that this exception applies. The general rule precludes the court from exercising jurisdiction over Defendant's claim. *Id.* at 499 ("A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully.").[1]

---

[1] Although Defendant claims he was unaware of the civil penalty, it was discussed at his sentencing hearing and his attorney inquired whether it was discretionary or mandatory. ECF No. 241 at PageID 2392-93. The court gave counsel the opportunity to research the issue and she concluded that the penalty was mandatory given the facts of the case. ECF No. 236.

Similarly, Defendant's claim that the BOP improperly raised his criminal history may not be brought pursuant to § 2241. Generally, section 2241 "is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of confinement." *Velasco*, 16 Fed. Appx. at 314. Defendant alleges that the BOP raised his criminal history category, resulting in a higher security or custody level. He contends that he served nine years in medium security facility, when he should have been in a low security facility. Courts have held that challenges to security designations and custody classifications relate to the conditions of confinement and may not be brought pursuant to § 2241. *See Cohen v. Lappin*, 402 Fed. Appx. 674, 676 (3d Cir. 2010); *Coleman v. Terris*, No. 2:19-CV-12898, 2022 WL 3974140, at *2–3 (E.D. Mich. Aug. 31, 2022) (citing *Bazuaye v. Bogan*, 19 F.3d 18, 1994 WL 75895, *2 (6th Cir. Mar. 8, 1994)); *Mays v. Paul*, 2023 WL 2905553, at *1 (E.D. Ky. Mar. 28, 2023) ("A prisoner's security classification is related to the conditions of the prisoner's confinement, a matter which must be challenged (if at all) in a civil rights action.").

Moreover, Defendant does not have a constitutional right to a particular security classification or prison placement. *See Meachum v.*

*Fano*, 427 U.S. 215, 225 (1976). "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Id.* Accordingly, Defendant's challenge to his security classification, regardless of the procedural posture, is not cognizable. *Id.*; *Ford v. Harvey*, 106 Fed. Appx. 397, 399 (6th Cir. 2004) ("[A] prisoner does not have a constitutional right to placement in any particular prison or in a particular security classification.") (citing *Montanye v. Haymes,* 427 U.S. 236, 242 (1976)); *Bonaparte v. Kelly*, 2021 WL 5826902, at *2 (E.D. Mich. Dec. 8, 2021).

For these reasons, IT IS HEREBY ORDERED that Defendant's motion is DENIED.

Dated: May 21, 2024

                                                                  s/George Caram Steeh  
                                                                  HON. GEORGE CARAM STEEH  
                                                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 21, 2024, by electronic and/or ordinary mail and also on David Erike MacLloyd #20156039, Memphis Federal Correctional Institution, Inmate Mail/Parcels, P.O, Box 34550, Memphis, TN 38134.

s/LaShawn Saulsberry  
Deputy Clerk