UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 08-cr-20289-1
    Hon. Matthew F. Leitman

D1, DAVID ERIKE MACLLOYD,

    Defendant.
_____/

**ORDER DENYING MOTION TO REMOVE**
**FINE FROM WRITTEN JUDGMENT (ECF No. 374)**

David Erike MacLloyd was tried and convicted of several drug-related offenses, including: one count of conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(a); one count of aiding and abetting possession of more than five kilograms of cocaine with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); eleven counts of use of a communication facility to cause and facilitate a felony drug transaction in violation of 21 U.S.C. § 843(b); and one count of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1). (*See* J., ECF No. 237, PageID.2321-2322; Jury Verdict Form, ECF No. 143.)  On February 6, 2012, MacLloyd was sentenced to a term of imprisonment of 360 months by the District Judge who was then presiding over his case. (*See* Judgment, ECF No. 237,

PageID.2323.) As part of his sentence, the Court also imposed a mandatory civil penalty in the amount of $1,896,316.00, which was "ordered pursuant to 21 U.S.C. 856(d)(1)(b)." (*See id.*, PageID.2326-2327.) Now, thirteen years later, MacLloyd claims that the Court's assessment of the civil penalty was an error, and he seeks to have that fine removed from the written judgment. (*See* Mot., ECF No. 374, PageID.3260.) The Court does not believe that imposition of the fine was an error. For the reasons explained below, MacLloyd's motion to remove fine from written judgment (ECF No. 374) is **DENIED**.

MacLloyd argues that the imposition of the civil fine was an error and asks the Court to issue "a written judgment that does not include the fine of $1,896,316.00." (Mot., ECF No. 374, PageID.3261.) Specifically, he contends "a series of errors occurred": (1) "his 6th Amendment right to due process" was violated; (2) "the right to be present at imposition of any portion of his sentence" was violated because the district court discussed "the fine with MacLloyd['s] attorney without MacLloyd being present" (3) "the right to be present at any mitigating information" was violated; and (4) the "fine and the order that MacLloyd participate in the [Inmate Financial Responsibility Program] that are in his written judgment are orders that were not part of his oral sentence" and should be stricken from the judgment because "if there is a discrepancy between the oral

2

pronouncement of a sentence and the written judgment, the oral sentence controls." (*Id.*)

The Court does not believe that the record reflects the errors that MacLloyd describes. On February 6, 2012, the Court held a sentencing hearing. (*See* Sentencing Hr'g Tr. 02/06/12, ECF No. 241.) On the record at the hearing, the probation officer informed the Court that one count of MacLloyd's conviction "carrie[d] a civil penalty of just over 1.8 million dollars that needs to be imposed[.]" (*Id.*, PageID.2392.) MacLloyd's counsel asked if that penalty was waivable. (*See id.*) The probation officer responded that he believed it was "mandatory based on the nature of the conviction." (*Id.*) MacLloyd's counsel indicated that she would like to research the issue further and that, if it was not mandatory, she would ask the Court to waive it. (*Id.*) The Court stated that it would "be including [the fine] in the judgment which will be entered at the end of the week if I don't hear from anyone, and if I hear from anyone, I'll make a determination." (*Id.*, PageID.2393.)

Following the hearing, on February 9, 2012, MacLloyd's counsel filed a letter on the docket in which she informed the Court that "imposition of the civil penalty requested by the Government is mandatory and supported by the facts in this case." (Letter, ECF No. 236, PageID.2320.) She concluded that she had "no argument that would grant the Court discretion in imposing the penalty requested by the Government." (*Id.*) Shortly thereafter, the Court entered a final Judgment against

MacLloyd that included the civil penalty. (*See* Judgment, ECF No. 237, PageID.2326-2327.)

Contrary to MacLloyd's assertion, the Court's imposition of the mandatory civil penalty in this case was not an error. The Court stated on the record at the sentencing hearing that it would impose the civil penalty unless it was informed that the sentence was not mandatory. After the hearing, MacLloyd's counsel informed the Court that she had reviewed the relevant statute and agreed that the fine was mandatory. Contrary to MacLloyd's allegations, MacLloyd's counsel communicated this information to the Court through a letter that was filed on the docket. The record does not reflect that there was any portion of MacLloyd's sentencing where he was not present. Likewise, there were no communications between MacLloyd's counsel and the Court that are not reflected on the record. The Court entered a Judgment that was consistent with the oral sentence described on the record at the sentencing hearing. The Court did not err in doing so.

For these reasons, MacLloyd's motion to remove fine from written judgment (ECF No. 374) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  February 25, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 25, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
